**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00453-MR**

| | | |
|---|---|---|
| **RAMON GIVENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **J.C. MOORE, et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the

Complaint [Doc. 1].  Plaintiff is proceeding *in forma pauperis*.  [Doc. 8].

## I.    BACKGROUND

*Pro se* Plaintiff, who is presently incarcerated at the Warren

Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. §

1983 on July 27, 2020.[1]   Plaintiff names as Defendants: J.D. Moore, a

Charlotte Mecklenburg Police Department (CMPD) police officer; and three

John Doe CMPD officers.

Plaintiff alleges that, on August 8 or 9, 2017, Defendants used

excessive force while arresting him.  Plaintiff alleges that he was "snatched

_____

[1] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

out of a car," maced, beaten, and choked by Defendants. [Doc. 1 at 3]. Plaintiff alleges that he sustained neck, back, and spine injuries for which he was transported to the Carolina Medical Center by paramedics for treatment. Plaintiff seeks compensatory and punitive damages and a jury trial.

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

2

forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Claims that law enforcement officials used excessive force in the course of making an arrest are properly analyzed under the Fourth Amendment's "objective reasonableness" standard.  Graham v. Conner, 490 U.S. 386, 388 (1989); Sigman v. Town of Chapel Hill, 161 F.3d 782, 786 (4th Cir.1998).  "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."  Graham, 490 U.S. at 397.

Plaintiff has plausibly alleged that Defendants used objectively unreasonable force during his arrest and this claim appears to be timely. Therefore, the Complaint will be permitted to pass initial review.

3

**IT IS, THEREFORE, ORDERED** that Plaintiff's excessive force claim passes initial review.

The Clerk is respectfully directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendant Moore and the three John Doe Defendants.  Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants.  The Clerk is further instructed to note on the docket when the forms have been mailed to Plaintiff.

**IT IS SO ORDERED**.

Signed: December 1, 2020

Martin Reidinger
Chief United States District Judge