# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:20-cv-00453-MR

| | |
|---|---|
| **RAMON GIVENS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **J.C. MOORE, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of the Plaintiff's Second Amended Complaint [Doc. 31] and on Motions to Dismiss the Amended Complaint's Official Capacity Claims filed by Defendant Moore [Doc. 28] and Defendants Burch, Banham, and Zederbaum [Doc. 35].

## I. BACKGROUND

The incarcerated Plaintiff,[1] proceeding *pro se*, filed this civil rights action addressing the circumstances surrounding his August 2017 traffic stop and arrest.[2] The Complaint passed initial review against J.D. Moore, a Charlotte Mecklenburg Police Department (CMPD) police officer and three

---

[1] The Plaintiff is presently incarcerated at the Warren Correctional Institution.

[2] The Complaint is dated July 27, 2020.

John Doe CMPD officers on a claim that they used excessive force against him during a traffic stop. [Doc. 10].

In an Amended Complaint, the Plaintiff identified the John Doe officers as FNU Burch, FNU Banham, and FNU Zederbaum. [Doc. 22]. The Amended Complaint passed initial review against them for the use of excessive force and/or failure to intervene. [See Doc. 25]. The Plaintiff's other claims were dismissed. [Id.].

On June 15, 2021, Defendant Moore filed a Motion to Dismiss the Amended Complaint's Official Capacity Claims pursuant to Local Rule 7.1 and Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 28].

The Plaintiff filed a Second Amended Complaint on June 24, 2021, asserts claims against Officers Burch, Banham, Moore, and Zederbaum; and the "City of Charlotte ... Municipality (Internal Affairs)." [Doc. 31 at 3].[3]

Defendants Banham, Burch, and Zederbaum subsequently filed a motion to join Defendant Moore's Motion and to dismiss the Amended Complaint's official capacity claims on July 26, 2021. [Doc. 35].

---

[3] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prison mailbox rule to § 1983 case).

2

## II. MOTIONS TO DISMISS

Both pending motions to dismiss address the Plaintiff's Amended Complaint. This pleading, however, was superseded when the Plaintiff filed his Second Amended Complaint as of right within 21 days of the filing of Defendant Moore's Motion to Dismiss. See Fed. R. Civ. P. 15(a)(1)(B) (allowing amendment as of right within 21 days of service of a motion to dismiss). Because the Amended Complaint is no longer the operative pleading, the Defendants' motions to dismiss are denied as moot. The Court will therefore proceed with an initial review of the Second Amended Complaint.

## III. STANDARD OF REVIEW

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Second Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Second Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Here, Plaintiff claims his rights under the Fourth and Fourteenth Amendments were violated by Defendants.

### A. Vehicle Stop

The Plaintiff alleges that the traffic stop violated the Fourth Amendment because Defendant Zederbaum wanted to investigate the Plaintiff, not

4

because the license plate was illegible, and lacked probable cause to do so. [Doc. 31 at 14-15].

"[I]f an officer has probable cause or a reasonable suspicion to stop a vehicle, there is no intrusion upon the Fourth Amendment. That is so regardless of the fact that the officer would not have made the stop but for some hunch or inarticulable suspicion of other criminal activity." United States v. El, 5 F.3d 726, 730 (4th Cir. 1993).

The Plaintiff's suggestion that the vehicle stop violated the Fourth Amendment because it was not supported by probable cause is unavailing because only a reasonable suspicion was needed to justify the stop. That the officers may have had reasons for stopping the vehicle in addition to the license plate issue does not render the stop invalid. The Plaintiff has thus failed to state a plausible Fourth Amendment claim with regards to the vehicle stop.

**B.     Excessive force and Failure to Intervene**

The Plaintiff alleges that the Defendants used excessive force after the vehicle was stopped and/or failed to intervene in the use of excessive force. [Doc. 31 at 13-15].

Claims that law enforcement officials used excessive force in the course of making an arrest are properly analyzed under the Fourth

5

Amendment's "objective reasonableness" standard.  Graham v. Conner, 490 U.S. 386, 388 (1989); Sigman v. Town of Chapel Hill, 161 F.3d 782, 786 (4th Cir. 1998).  "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."  Graham, 490 U.S. at 397.

The Fourth Circuit addresses a failure to intervene claim as a theory of "bystander liability" wherein there is "an omission to act...coupled with a duty to act."  Randall v. Prince George's Cnty., 302 F.3d 188, 202 (4th Cir. 2002).  A "bystander officer" could be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."  Id. at 204.

The Plaintiff has plausibly alleged that Defendants Moore, Burch, Banham, and Zederbaum used objectively unreasonable force during his arrest and/or failed to intervene in a use of excessive force.  Therefore, these claims will be permitted to pass initial review.

## C. Conspiracy

The Plaintiff alleges that the Defendants who failed to intervene in the alleged use of excessive force did so as part of a conspiracy. [Doc. 31 at 13].

To establish a civil conspiracy under § 1983, a plaintiff must show that the defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996); see Hafner v. Brown, 983 F.2d 570, 576 n. 6 (4th Cir. 1992). An essential element in any conspiracy to deprive the plaintiff of his constitutional rights is an agreement to do so among the alleged co-conspirators. Ballinger v. North Carolina Ag. Extension Serv., 815 F.2d 1001 (4th Cir. 1987). Without such a meeting of the minds, the independent acts of two or more wrongdoers does not amount to a conspiracy. Murdaugh Volkswagen v. First Nat'l Bank, 639 F.2d 1073 (4th Cir. 1981). Where a complaint makes only conclusory allegations of a conspiracy under § 1983 and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint. See Woodrum v. Woodward County Okl., 866 F.2d 1121 (9th Cir. 1989); Cole v. Gray, 638 F.2d 804 (5th Cir. 1981). General allegations that defendants entered into an

7

agreement, without sufficiently alleging plausible grounds to infer such an agreement, fail to state a § 1983 conspiracy claim. Wiggins v. 11 Kew Garden Court, 497 F. App'x 262 (4th Cir. 2012).

The Plaintiff's allusion to conspiracy is completely conclusory and he alleges no facts to plausibly suggest that an agreement or meeting of the minds existed among any of the Defendants. Therefore, the Plaintiff has failed to state a claim for conspiracy and it is dismissed.

### D. Official Capacity Claims[4]

The Plaintiff appears to assert a claim against the City of Charlotte and the individual Defendants in their official capacities based on the use of force incident. [Doc. 31 at 14].

Plaintiffs alleging constitutional injures may bring suit under § 1983 against municipalities for unconstitutional actions taken by their agents and employees. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). For purposes of § 1983, official-capacity suits are "treated against suits against the [municipality]." Santos v. Frederick Cnty. Bd. of Comm'rs, 725 F.3d 451, 469 (4th Cir. 2013). However, municipal liability does not amount to *respondeat superior*. Id. at 470. Section 1983 liability only applies to a

---

[4] The Plaintiff's claim against the City of Charlotte in its "individual capacity" for inadequately investigating the incident, [Doc. 31 at 14], will be discussed separately.

8

Case 3:20-cv-00453-MR  Document 41  Filed 10/27/21  Page 8 of 13

municipality "where the alleged unconstitutional act stems from an established municipal policy, practice, or custom." Monell, 436 U.S. at 690.

The Plaintiff's bare recitation of the words "official policy or unofficial custom" in the Second Amended Complaint [Doc. 31 at 15] are insufficient to state a plausible official capacity claim. The Plaintiff has made no factual allegations about any municipal policy, practice, or custom upon which such a claim could be based. Therefore, the Plaintiff's claims against the Defendants in their official capacities, and against the City of Charlotte, are dismissed.

### E. Failure to Investigate

The Plaintiff purports to sue the City of Charlotte in its "individual capacity" for failing to adequately investigate the incident. [Doc. 31 at 14].

"The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Wise v. Wilson, 2017 WL 71656 (E.D. Va. Jan. 6,

2017) (prisoner had no constitutional right to have a PREA complaint investigated).

The Plaintiff has not identified any individual Defendant who allegedly failed to conduct an adequate investigation. See generally Fed. R. Civ. P. 10(a); Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Nor do the allegations plausibly suggest that the inadequate investigation resulted from a municipal policy or custom. See Section D, *supra.* Regardless, the Plaintiff had no right to an investigation, and therefore, he cannot state a § 1983 claim for its alleged inadequacy.

### F. Public Duty Doctrine

The Plaintiff refers to the public duty doctrine and appears to allege that Defendants Moore, Burch, Banham and Zederbaum owed him a special duty, which they breached. [Doc. 31 at 5].

"The public duty doctrine is a rule grounded in common law negligence and provides that, 'when a governmental entity owes a duty to the general public, particularly a statutory duty, individual plaintiffs may not enforce the duty in tort.'" Watts v. N.C. Dep't of Envir. and Nat. Resources, 362 N.C. 497, 666 S.E.2d 752 (2008) (quoting Myers v. McGrady, 360 N.C. 460, 465-

10

66, 628 S.E.2d 761, 766 (2006). The doctrine operates to "limit tort liability, even when the State has waived its sovereign immunity." Myers, 360 N.C. at 465, 628 S.E.2d at 766. Two narrow exceptions exist and a government can be liable "(1) where there is a special relationship between the governmental entity and the injured party; or (2) where the governmental entity creates a special duty by promising protection to an individual, the protection is not forthcoming, and the individual's reliance on the promise of protection is causally related to the injury suffered." Town of Nags Head, 2014 WL 4219516, at *18 (citing Hunt v. N.C. Dep't of Labor, 348 N.C. 192, 499 S.E.2d 747 (N.C. 1998); Scott v. City of Charlotte, 203 N.C. App. 460, 691 S.E.2d 747 (N.C. Ct. App. 2010); Lane v. City of Kinston, 142 N.C. App. 622, 544 S.E.2d 810 (N.C. Ct. App. 2001)). The public duty doctrine does not apply to intentional torts. Clark v. Red Bird Cab Co., 114 N.C. App. 400, 406, 442 S.E.2d 75, 79 (1994).

It is unclear why the Plaintiff has addressed the public duty doctrine in the Second Amended Complaint. The Plaintiff has not asserted a North Carolina negligence claim; the allegations are directed to the Defendants police officers' intentional actions. See Chapman v. Rhoney, No. 1:10cv258, 2011 WL 7971750, at *11 (W.D.N.C. Aug. 3, 2011) (finding defendant police officers' reliance on the public duty doctrine was misplaced where the plaintiff

11

did not assert negligence, but rather, claimed that the officers acted intentionally to obstruct justice). Nor has the Plaintiff alleged facts that would plausibly suggest that any special relationship existed between himself and the Defendants, or that Defendants owed him a special duty which they breached. Therefore, to the extent that the Plaintiff attempted to state a North Carolina negligence claim, it is dismissed.

## VI  CONCLUSION

In sum, for the reasons stated herein, the Second Amended Complaint passes initial review on the Plaintiff's claims of excessive force and failure to intervene against Defendants Burch, Banham, Moore, and Zederbaum. The remaining claims are dismissed. The Defendants' Motions to Dismiss are denied as moot.

**IT IS, THEREFORE, ORDERED** that:

(1) The Plaintiff's Second Amended Complaint passes initial review on claims of excessive force and/or failure to intervene against Defendants Burch, Banham, Moore, and Zederbaum.

(2) The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

(3) The Defendants' Motions to Dismiss the Amended Complaint's Official Capacity Claims [Docs. 28, 35] are **DENIED AS MOOT**.

(4) The Defendants must answer or otherwise respond to the Second Amended Complaint within **twenty-one (21) days** of this Order.

(5) The Pretrial Order and Case Management Plan [Doc. 20] previously entered in this matter is **VACATED.** An Amended Pretrial Order and Case Management Plan will be entered at the appropriate time.

**IT IS SO ORDERED.**

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge