IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00453-MR

| | |
|---|---|
| **RAMON GIVENS,** | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| **J.C. MOORE, et al.,** | ) **ORDER** |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on *pro se* Plaintiff's "Motion to Add & Join Party" [Doc. 45], "Motion: Objections to Defendants J.C. Moore, Burch, Banham, Zederbaum's 2nd Amended Complaint" [Doc. 46], and several documents related to discovery [Docs. 49-52].

The incarcerated *pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing the circumstances surrounding his August 2017 traffic stop and arrest. The Second Amended Complaint passed initial review on claims of excessive force and/or failure to intervene against Defendants Burch, Banham, Moore, and Zederbaum [Doc. 41], and the Defendants filed an Answer [Doc. 42].

The Plaintiff has now filed the instant "Motion to Add & Join a Party" [Doc. 45], which is construed as a Motion to Amend. In it, he seeks to add

the City of Charlotte as a Defendant on the grounds that he is seeking a large amount of damages [id. at 2]; that its employees violated "customs, policy of the dept, and … [Plaintiff's] constitutional rights, while acting under color of state law…" [id. at 2-3]; and that the individual Defendants failed to complete an incident report, as required by CMPD policy, which obstructed justice [id. at 3]. He concludes that the City "must hold some form of accountability for hiring & employing these officers to there [sic] agency (CMPD)." [Id. at 4]. The Defendants oppose the Motion because the Court previously dismissed the Plaintiff's attempts to add the City as a Defendant, and because further amendment would be futile and cause unnecessary delay. [Doc. 47].

The Court previously addressed the legal standard for stating a claim for municipal liability pursuant to Monell v. Dep't of Social Servs., 436 U.S. 658 (1978), and explained that *respondeat superior* is insufficient to state a § 1983 claim. [See Doc. 41 at 8-9]. The Court also previously noted that the failure to investigate an incident does not, by itself, rise to the level of a constitutional violation. [Id. at 9]. The Plaintiff's present allegations fail to establish a plausible basis for Monell liability. Further, the Plaintiff fails to explain how the amount of damages that he is seeking, or the individual Defendants' alleged violation of CMPD policy or obstruction of justice, would establish a § 1983 claim. Rather, the Plaintiff again appears to assert a claim

2

on the basis of *respondeat superior*. The Plaintiff's Motion to Amend will therefore be denied as futile.

Next, the Plaintiff has filed a "Motion: Objections to Defendants J.C. Moore, Burch, Banham, Zederbaums 2nd Amended Complaint" [Doc. 46], that is construed as a Motion to Strike the Answer and for Entry of Default, Sanctions, and Contempt. The Plaintiff appears to argue that some of Defendants' statements in the Answer are false or irrelevant [id. at 1-4]; that the Defendants should have accepted accountability for the use of force and Plaintiff's injuries [id. at 4-5]; that Defendants' general denial is inconsistent with other admissions in the Answer [id. at 5]; and that the Defendants should not be allowed to claim qualified immunity because they obstructed justice [id.]. The Plaintiff asks the Court to strike portions of the Answer; impose sanctions; enter default judgment; and find the Defendants in contempt. [Id. at 1-5]. The Defendants filed a Response arguing that the Motion is untimely,[1] and that the statements and defenses in the Answer are relevant, proper, and justified. [Doc. 48].

---

[1] Defendants rely on the date when the Motion was docketed, January 10, 2022, rather than the date on which the Plaintiff purports to have deposited his Motion in the prison's mail system, December 5, 2021 [Doc. 46 at 6]. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case). The Court will assume, for the sake of this discussion, that the Motion was timely filed.

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f); see Fed. R. Civ. P. 7(a) (defining an answer as a pleading).  Although the Plaintiff disagrees with some of the Defendants' statements and defenses, he has not identified an insufficient defense or redundant, immaterial, impertinent, or scandalous matter that would warrant striking portions of the Answer.  Nor has he demonstrated any basis for entering a default judgment see Fed. R. Civ. P. 55; for imposing sanctions see Fed. R. Civ. P. 11; or for holding Defendants in contempt see Taggart v. Lorenzen, 139 S. Ct. 1795, 1801-02 (2019).  Therefore, the Plaintiff's Motion is denied.

Finally, the Plaintiff has filed several documents addressing discovery. [Docs. 49-52].  These documents will be stricken because they appear to be related to routine discovery requests that have been misdirected to the Court. See Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138 (4th Cir. 2009) (recognizing the federal courts' inherent power to strike); LCvR 26.2 ("The parties shall not file any … discovery requests or responses therto, … or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition."); see also [Doc. 4 ¶ 7: Order of Instructions (citing LCvR 26.2)].  Of

course, the Plaintiff may file appropriate motions with the Court relating to discovery, should it become necessary to do so.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's "Motion to Add & Join Party" [Doc. 45], is construed as a Motion to Amend and is **DENIED** as futile.

2. The Plaintiff's "Motion: Objections to Defendants J.C. Moore, Burch, Banham, Zederbaums 2nd Amended Complaint" [Doc. 46], is construed as a Motion to Strike the Answer and for Entry of Default, Sanctions, and Contempt, and is **DENIED**.

3. The discovery documents [Docs. 49-52] that have been misdirected to the Court are **STRICKEN**.

**IT IS SO ORDERED**.

Signed: February 2, 2022

Martin Reidinger
Chief United States District Judge